# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| COREY E. TURNER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-CV-215-CEJ |
| | ) | |
| ABBIE CRITES-LEONI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Corey E. Turner, Sr. (registration no. 7425) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted and plaintiff will be assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $334.00, and an average monthly balance of $35.44. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $66.80, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the Saint Genevieve County Jail, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). The named defendants are Abbie Crites-Leonie (anAssistant U.S. Attorney), Homer I. Markhart (Special Agent, U.S. Department of Justice), Bobby Sullivan (Sikeston Department of Public Safety employee), Patricia J. Koprucki (a court-appointed attorney)[1], and Eric Koehler (Sergeant, Cape Girardeau County Jail).

---

[1]The Court takes judicial notice of its records which show that defendant Koprucki was appointed under the Criminal Justice Act ("CJA").

-3-

Plaintiff states that he is a defendant in a pending criminal drug action that is being prosecuted by Crites-Leoni. *See United States v. Turner*, No. 1:11-CR-103-JAR (E.D. Mo.). Plaintiff alleges that in connection with the criminal case, Crites-Leoni "unlawfully merged the provisions of one type of warrant with the provisions of another type." He claims that Crites-Leoni "unlawfully drafted warrants and Title III wire intercept applications that contained violations of federal statutes and laws . . . to compel phone companies to provide [defendant] Markhart and others with prospective tracking device data . . . pursuant to the Stored Communications Act." Plaintiff claims that the Wiretap Act prohibits the inclusion of any information from a tracking device, and that Crites-Leoni's actions resulted in the gathering of "an enormous amount of improperly obtained information" that was presented to the grand jury, and in turn, has resulted in plaintiff's false arrest and the invasion of his privacy. In addition, plaintiff claims that Crites-Leoni filed motions in the criminal action which contain false information, and she is working "to illegally incarcerate and prosecute" him. As to the remaining defendants, plaintiff alleges that (1) Markhart illegally used plaintiff's phone as a tracking device; (2) Sullivan compelled phone companies to provide plaintiff's location and unlawfully track him; (3) Koehler tampered with boxes of discovery and "wrongfully issued" plaintiff's discovery to a

co-defendant in the pending criminal action; and (4) Koprucki tampered with evidence to assist her client, who is a co-defendant in the criminal case.

**Discussion**

Because plaintiff does not state the capacity in which any defendant is being sued, this action will be deemed brought against defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, the court must interpret the pleading as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Suits brought against federal officials in their official capacities are, in essence, suits against the United States of America. Because the doctrine of sovereign immunity prevents courts from exercising subject matter jurisdiction over the United States, lawsuits against officers in their official capacities are typically barred, as well.[2] As such, plaintiff's claims against Crites-Leoni and Markhart will be dismissed pursuant to § 1915(e)(2)(B). As an additional ground for dismissing Crites-Leoni, the Court notes that, as an Assistant U.S. Attorney, she would be entitled to absolute immunity. A prosecutor is immune from personal liability from actions related to the performance of his or her public duties, including presenting

---

[2]Plaintiff does not allege, nor does it appear, that the United States has consented to be held liable for constitutional violations such as those presented in this action.

evidence before a grand jury, obtaining criminal complaints and warrants, prosecuting a case, and other actions undertaken as an advocate for the government. *Burns v. Reed*, 500 U.S. 478, 485–92 (1991); *Imbler v. Pachtman,* 424 U.S. 409, 420–31 (1976).

With regard to defendants Sullivan and Koehler, who are alleged to be state actors, it is axiomatic that naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a state government official in his official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The complaint does not contain any allegations that a policy or custom of a state government entity was responsible for the alleged violations of plaintiff's constitutional rights. As such, the complaint is legally frivolous and fails to state a claim against defendants Sullivan and Koehler, and the Court will dismiss them pursuant to § 1915(e)(2)(B).

Last, the Court will dismiss defendant Koprucki. Just as state public defenders performing lawyers' traditional functions do not act under color of state law for purposes of a § 1983 action, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981),

defense attorneys appointed under the CJA do not act under color of law for purposes of a *Bivens* claim. *See Tate v. Benson*, 2013 WL 164860, slip op. at *2 (D. Del. 2013).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $66.80 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 5th day of February, 2013.

_____
UNITED STATES DISTRICT JUDGE